

RECEIVED

FEB 2 5 2010

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:09-CR-176 |
| | ) | |
| Plaintiff, | ) | SECOND SUPERSEDING INDICTMENT |
| | ) | |
| vs. | ) | T. 18, U.S.C. § 1957 |
| | ) | T. 18, U.S.C. § 1956(h) |
| PHYLLIS ROWE STEVENS | ) | T. 18, U.S.C. § 1343 |
| (a/k/a PHYLLIS DEMASS) and | ) | T. 18, U.S.C. § 1956(a)(1)(B)(i) |
| MARLA RANDOLPH STEVENS | ) | T. 18, U.S.C. § 1030(a)(4) |
| (a/k/a MARLA STEVENS PEEPLES), | ) | T. 18, U.S.C. § 1028A |
| | ) | T. 18, U.S.C. § 982 |
| Defendants. | ) | T. 18, U.S.C. § 371 |
| | ) | T. 26, U.S.C. § 7206(1) |
| | ) | T. 26, U.S.C. § 7201 |
| | ) | T. 21, U.S.C. § 853 |

**THE GRAND JURY CHARGES:**

### COUNTS 1 THROUGH 12
### (Wire Fraud)

1.     Beginning on or before June 17, 2004, the exact date being unknown to the grand

jury, and continuing until on or about September 23, 2009, in the Southern District of Iowa and

elsewhere, the defendant, PHYLLIS ROWE STEVENS, voluntarily and intentionally devised

and participated in, and intended to devise and participate in, a scheme and artifice to defraud;

and to obtain money and property by means of materially false and fraudulent pretenses,

representations, promises and omissions of material fact.

2.     It was part of the scheme and artifice alleged herein that defendant PHYLLIS

ROWE STEVENS used her position as an employee with Aviva USA in Des Moines, Iowa, with

access to Aviva USA's computer system, to fraudulently cause Aviva USA to make electronic

payments in the total amount of approximately $5,997,825.66 to an account controlled by

defendant and defendant's partner, MARLA RANDOLPH STEVENS, at National City Bank in

Indianapolis, Indiana. This was accomplished through computer entries made by defendant,

PHYLLIS ROWE STEVENS at Aviva USA's offices in Des Moines, Iowa, which thereafter

caused electronic data to be transmitted through computer networks to Aviva USA's bank, J.P.

Morgan, in New York, New York, which in turn would then disburse these funds to the account

at National City Bank.

3.     During the course of executing the scheme and artifice alleged herein, defendant

PHYLLIS ROWE STEVENS made manual adjustments to commission accounts, using the

identity of an agent who was no longer associated with Aviva USA. As a result of these manual

adjustments, "commission" payments would be disbursed to the National City Bank account

mentioned above. Defendant PHYLLIS ROWE STEVENS further caused paperwork associated

with these "commission" payments, such as tax statements, to be sent to the address of her

apartment located in West Des Moines, Iowa.

4.     On or about the dates set forth below, in the Southern District of Iowa and

elsewhere, the defendant, PHYLLIS ROWE STEVENS, having devised the above-described

scheme and artifice to defraud and obtain money by means of materially false and fraudulent

pretenses, and in order to effect the scheme and artifice alleged herein, did knowingly make

manual entries to cause Aviva USA to make commission payments in the approximate amounts

listed below. By making such entries, defendant did knowingly cause to be transmitted in

interstate commerce, on or shortly after the dates listed below, wire communications, including

2

certain writings, signs, signals, and sounds, for the purpose of executing the scheme and artifice alleged herein, by the process described in paragraph 2 (above); and it was reasonably foreseeable to defendant that such interstate wire transmissions would be made as a result of making these manual entries.

| Count | Date | Amount of Commission Payment |
|-------|------|------------------------------|
| 1 | June 29, 2004 | $75,351.50 |
| 2 | December 16, 2004 | $50,117.55 |
| 3 | April 15, 2005 | $91,033.22 |
| 4 | December 16, 2005 | $65,115.00 |
| 5 | April 21, 2006 | $41,778.22, $40,711.11, and $42,432.11 (three separate entries) |
| 6 | October 26, 2006 | $52,778.12 |
| 7 | April 13, 2007 | $82,112.55 |
| 8 | October 9, 2007 | $42,112.75 |
| 9 | January 7, 2008 | $46,112.40 |
| 10 | October 17, 2008 | $62,112.75 |
| 11 | February 20, 2009 | $65,117.88 |
| 12 | August 20, 2009 | $83,112.77 |

Each of these counts is a violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 13
### (Computer Fraud)

From on or about June 17, 2004, and continuing until on or about September 22, 2009, in the Southern District of Iowa, the defendant, PHYLLIS ROWE STEVENS, did knowingly and with intent to defraud, access a protected computer, that is, a computer used in and affecting interstate commerce and communication, without authorization and in a manner that exceeded defendant's authorized access, and did obtain a thing of value in excess of $5,000 over a period of at least one year, that is, funds in the amount of approximately $5,997,825.66.

This is a violation of Title 18, United States Code, Section 1030(a)(4).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 14
### (Aggravated Identity Theft)

From on or about June 17, 2004, and continuing until on or about November 29, 2005, in the Southern District of Iowa, the defendant, PHYLLIS ROWE STEVENS, did knowingly use, without lawful authority, a means of identification of another person, M.S., whose identity is known to the grand jury, during and in relation to a felony offense, to wit, wire fraud, 18 U.S.C. § 1343, as alleged in Counts 1-12 of this Indictment, and computer fraud, 18 U.S.C. § 1030, as alleged in Count 13 of this Indictment.

This is a violation of Title 18, United States Code, Section 1028A.

4

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 15
### (Aggravated Identity Theft)

From in or about November 2005, and continuing until on or about September 23, 2009,

in the Southern District of Iowa, the defendant, PHYLLIS ROWE STEVENS, did knowingly

use, without lawful authority, a means of identification of another person, M.P., whose identity is

known to the grand jury, during and in relation to a felony offense, to wit, wire fraud, 18 U.S.C.

§ 1343, as alleged in Counts 1-12 of this Indictment, and computer fraud, 18 U.S.C. § 1030, as

alleged in Count 13 of this Indictment.

This is a violation of Title 18, United States Code, Section 1028A.

**THE GRAND JURY FURTHER CHARGES:**

### Count 16
### (Money Laundering--Conspiracy)

From in or about 2004, the exact date being unknown to the grand jury, and continuing

until on or about September 28, 2009, in the Southern District of Iowa and elsewhere, the

defendants, PHYLLIS ROWE STEVENS and MARLA R. STEVENS, did knowingly combine,

conspire, and agree with each other to commit offenses against the United States in violation of

Title 18, United States Code, Section 1956 and Section 1957, to wit:

- to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of one or more specified unlawful activities, that is, wire fraud (18 U.S.C. § 1343) and computer fraud (18 U.S.C. § 1030), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions

5

represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

- to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from one or more specified unlawful activities, that is, wire fraud (18 U.S.C. § 1343) and computer fraud (18 U.S.C. § 1030), in violation of Title 18, United States Code, Section 1957.

The manner and means used to accomplish the objectives of the conspiracy included, among others:

- the purchase of real estate (including the properties alleged in the Notice of Forfeiture, below), and making mortgage payments, using proceeds derived from the specified unlawful activities alleged herein;

- engaging in financial transactions through accounts held at National City Bank in Indianapolis, Indiana (including accounts in the names of defendants and in the name of Prevention Point of Indiana), to include financial transactions in criminally derived property of a value greater than $10,000;

- engaging in various other financial transactions in criminally derived property of a value greater than $10,000, including through payments to American Express in a total amount of approximately $2,876,498; and

- making false statements regarding the source of the funds being expended to engage in the above-referenced financial transactions.

This is a violation of Title 18, United States Code, Section 1956(h).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 17
### (Money Laundering--Concealment)

On or about September 23, 2009, in Indianapolis, Indiana, the defendant, PHYLLIS

ROWE STEVENS, did knowingly conduct and attempt to conduct a financial transaction

affecting interstate commerce, and involving the use of a financial institution engaged in, and the

activity of which affect, interstate commerce, to wit, the withdrawal of funds in the amount of approximately $170,384 from an account at National City Bank, which involved the proceeds of one or more specified unlawful activities, that is wire fraud (18 U.S.C. § 1343) and computer fraud (18 U.S.C. § 1030), knowing that said transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of said proceeds; and knowing that the property involved in said financial transaction represented the proceeds of some form of unlawful activity; and the defendant having participated in the transfer of said proceeds from the Southern District of Iowa to Indianapolis, Indiana; in that defendant did obtain a cashiers check for $165,384 and $5,000 in cash as a result of such withdrawal; and in that defendant did engage in several additional financial transactions at multiple branches of National City Bank on September 24, 2009, during which she obtained and attempted to obtain additional cash and traveler's checks using the proceeds of the transaction of September 23, 2009.

Each of these counts  is a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**THE GRAND JURY FURTHER CHARGES:**

### COUNTS 18-20
### (Monetary Transactions in Property Derived from Unlawful Activity)

On or about the following dates, in the Southern District of Iowa and elsewhere, the defendants, PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS, did knowingly engage and attempt to engage in the following monetary transactions by and through financial institutions, and affecting interstate commerce, in criminally derived property of a value greater than $10,000 having been derived from one or more specified unlawful activities, that is wire

fraud (18 U.S.C. § 1343) and computer fraud (18 U.S.C. § 1030), in that defendant caused the

following checks to be issued and negotiated from an account at National City Bank, into which

account said criminally deprived proceeds had been deposited:

| Count | Date | Description of Monetary Transaction |
|---|---|---|
| 18 | May 26, 2009 | Check No. 2398, drawn on National City Bank, in the amount of $200,000, for the purchase of the property known locally as 741 16th Street, Des Moines, Iowa. |
| 19 | June 9, 2009 | Check No. 2406, drawn on National City Bank, in the amount of $180,000, for the purchase of the property known locally as 741 16th Street, Des Moines, Iowa. |
| 20 | June 11, 2009 | A cashier's check, purchased with funds from the National City Bank account, in the amount of $85,294.73, for the purchase of the property known locally as 721 16th Street, Des Moines, Iowa. |

Each of those counts is a violation of Title 18, United States Code, Section 1957, and

Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 21
### (Conspiracy to File False Documents and Income Tax Returns)

From in or about 2003, the exact date being unknown to the grand jury, and

continuing through on or about September 23, 2009, in the Southern District of Iowa and

elsewhere, the defendants, PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS,

did unlawfully, willfully, and knowingly combine, conspire, confederate and agree among

themselves and each other to commit an offense against the United States, to wit, the making and

8

subscribing of false documents and returns, in violation of Title 26, United States Code, Section 7206(1).

### Object of the Conspiracy

It was the object of the conspiracy alleged herein to conceal from the Internal Revenue Service funds embezzled by defendant PHYLLIS ROWE STEVENS from her employer, Aviva USA, including by failing to properly report and account for these funds to the Internal Revenue Service; and to diminish the likelihood that the embezzlement would be detected by the Internal Revenue Service, or as a result of inquiries made by the Internal Revenue Service, by causing false and fraudulent documents and income tax returns to be submitted to the Internal Revenue Service, some of which "reported" the embezzled income, while concealing its source, and others of which were submitted in the names of other individuals.

### Manner and Means

As part of the manner and means of the conspiracy alleged herein, defendant PHYLLIS ROWE STEVENS would use various names, entities, and social security numbers to conceal her receipt of embezzled income. This had the impact of interfering with the Internal Revenue Service's ability to correctly determine the amount of income, and income tax liability, owed by various individuals.

As a further part of the manner and means of the conspiracy alleged herein, both defendants would file income tax returns reporting the embezzled income, but many of these returns would either misidentify the source of the income or the person who actually received the income. Defendants also made false statements when questioned about these returns by the

9

Internal Revenue Service.

### Overt Acts

In furtherance of the conspiracy, and to achieve the objects thereof, the defendants committed and caused to be committed the following overt acts, among others:

1.     On or about April 15, 2004, the defendant PHYLLIS ROWE STEVENS filed a United States Individual Income Tax Return (Form 1040A) for the calendar year 2003, which failed to report or disclose approximately $431,117 in funds embezzled by defendant PHYLLIS ROWE STEVENS from Aviva USA and received by her during the calendar year 2003.

2.     During the calendar year 2004, defendant PHYLLIS ROWE STEVENS embezzled from Aviva USA funds in the amount of approximately $310,298.31, which defendant caused to be paid in the name of an individual by the name of M.S., whose identity is known to the grand jury.

3.     On or about April 15, 2005, the defendants, PHYLLIS ROWE STEVENS and MARLA R. STEVENS, filed a joint U.S. Individual Income Tax Return (Form 1040) for the calendar year 2004, which reported various income items received by each defendant in her own name during the calendar year 2004, but which failed to report or disclose approximately $296,847.81 in funds embezzled by defendant PHYLLIS ROWE STEVENS from Aviva USA and received by her during the calendar year 2004.

4.     On or about April 16, 2005, defendant PHYLLIS ROWE STEVENS filed a 2004 U.S. Individual Income Tax Return (Form 1040) in the name of M.S., but using defendant's address in West Des Moines, Iowa, reporting nonemployee compensation received from Aviva

10

USA during 2004 in the amount of $310,298.31 as income for M.S.; and enclosing a check payable in the amount of $88,087.44 payable to "IRS" on an account held at National City Bank in the name of Prevention Point of Indiana, with the statement "taxes for [S.]" written on the memo line.

5.      On or about October 11, 2005, and November 29, 2005, defendants PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS transmitted and caused to be transmitted to the Internal Revenue Service written statements and other documents, claiming a computer error and that the income reported in the name of "M.S." had, in fact, been paid to defendant MARLA RANDOLPH STEVENS.

6.      During the calendar year 2005, defendant PHYLLIS ROWE STEVENS embezzled from Aviva USA funds in the amount of approximately $621,664.62, which defendant caused to be paid in the name of an individual by the name of M.P., whose identity is known to the grand jury; and which defendant further claimed to be reported using a social security number beginning with the numbers "311," which belonged to an individual by the name of A.R., whose identity is known to the grand jury.

7.      On or about April 17, 2006, defendants PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS, did prepare and submit to the Internal Revenue Service and Joint U.S. Individual Income Tax Return (Form 1040) for the calendar year 2005 in the names of "Phyllis R. & Marla R. Stevens," which reported the funds paid in the name of M.P. in the amount of approximately $621,664.62 within the amount of wages and salary reported on Line 7 of said return; and which further attached as supporting documentation a Form 1099-Misc issued

11

in the name of "M.P.," with the social security number beginning with "311," with a handwritten
alteration indicating that the first name of the person receiving the income was "Marla."

        8.      During the calendar year 2006, defendant PHYLLIS ROWE STEVENS
embezzled from Aviva USA funds in the amount of approximately $793,626.71, which
defendant caused to be paid in the name of an individual by the name of M.P., whose identity is
known to the grand jury; and which defendant further claimed to be reported using a social
security number beginning with the numbers "311," which belonged to an individual by the name
of A.R., whose identity is known to the grand jury.

        9.      On or about April 17, 2007, defendants PHYLLIS ROWE STEVENS and
MARLA RANDOLPH STEVENS, did prepare and submit to the Internal Revenue Service a
Joint U.S. Individual Income Tax Return (Form 1040) for the calendar year 2006 in the names of
"Phyllis R. & Marla R. Stevens," which reported the funds paid in the name of M.P. in the
amount of approximately $793,631.42 on Schedule C, Line 1, as "gross receipts or sales" from a
business operated by Marla Stevens in the name of "Peoples Insurance"; and which further
attached as supporting documentation a Form 1099-Misc issued in the name of "M.P.," with the
social security number beginning with "311," with a handwritten alteration indicating that the
first name of the person receiving the income was "Marla."

        10.      During the calendar year 2007, defendant PHYLLIS ROWE STEVENS
embezzled from Aviva USA funds in the amount of approximately $1,~~000~~ *100*,728.99, which
defendant caused to be paid in the name of an individual by the name of M.P., whose identity is
known to the grand jury; and which defendant further claimed to be reported using a social

security number beginning with the numbers "311," which belonged to an individual by the name of A.R., whose identity is known to the grand jury.

11.    On or about April 15, 2008, defendants PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS, did prepare and submit to the Internal Revenue Service a Joint U.S. Individual Income Tax Return (Form 1040) for the calendar year 2007 in the names of "Phyllis R. & Marla R. Stevens," which reported monies paid in the name of "M.P." in the amount of approximately $1,100,728.99 as "wages," and which attached a Form 1099-MISC from Aviva in the name of M.P., and with a social security number beginning with the numbers 311, containing a handwritten alteration indicating that the person receiving the income was "Marla."

12.    During the calendar year 2008, defendant PHYLLIS ROWE STEVENS embezzled from Aviva USA funds in the amount of approximately $1,473,491.55, which defendant caused to be paid in the name of an individual by the name of M.P., whose identity is known to the grand jury; and which defendant further claimed to be reported using a social security number beginning with the numbers "311," which belonged to an individual by the name of A.R., whose identity is known to the grand jury.

12A.    On or about April 15, 2009, defendants PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS did prepare a handwritten Joint U.S. Individual Income Tax Return for the calendar year 2008, which disclosed "total income" of approximately $1,515,334.73, but which was not filed with the Internal Revenue Service.

13.    During the calendar year 2009, continuing until on or about September 23,

13

2009, defendant PHYLLIS ROWE STEVENS embezzled from Aviva USA funds in the amount of approximately $1,711,465.98, which defendant caused to be paid in the name of an individual by the name of M.P., whose identity is known to the grand jury; and which defendant further claimed to be reported using a social security number beginning with the numbers "311," which belonged to an individual by the name of A.R., whose identity is known to the grand jury.

14.     Each of the allegations in Counts 1-20 and 22-26 of this Indictment are incorporated and realleged herein as further overt acts.

This is a violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 22
### (False Income Tax Return for Phyllis Stevens--2003)

On or about April 15, 2004, in the Southern District of Iowa and elsewhere, the defendant, PHYLLIS ROWE STEVENS, who was a resident of West Des Moines, Iowa, did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040A) for the calendar year 2003, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which the defendant did not believe to be true and correct as to every material matter, in that said return reported "total income" on Line 15 in the amount of $51,549.09 when in fact, as defendant then and there well knew and believed, the true and correct amount of defendant's "total income" for the calendar year 2003 exceeded said amount.

This is a violation of Title 26, United States Code, Section 7206(1).

14

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 23
### (False Income Tax Return for Phyllis and Marla Stevens--2004)

On or about April 15, 2005, in the Southern District of Iowa and elsewhere, the

defendants, PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS, who identified

themselves as residents of West Des Moines, Iowa, did willfully make and subscribe a U.S.

Individual Income Tax Return (Form 1040) for the calendar year 2004, which was verified by a

written declaration that it was made under the penalties of perjury and was filed with the Internal

Revenue Service, and which the defendant did not believe to be true and correct as to every

material matter, in that said return reported "total income" on Line 22 in the amount of

$43,215.74 when in fact, as defendants then and there well knew and believed, the true and

correct amount of defendants' "total income" for the calendar year 2004 exceeded said amount.

This is a violation of Title 26, United States Code, Section 7206(1).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 24
### (False Income Tax Return in the name of M.S.--2004)

On or about April 15, 2005, in the Southern District of Iowa and elsewhere, the

defendant, PHYLLIS ROWE STEVENS, who was a resident of West Des Moines, Iowa, did

willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the calendar

year 2004, in the name of M.S., a person whose identity is known to the grand jury, and listing an

address in West Des Moines, Iowa, which was verified by a written declaration that it was made

under the penalties of perjury and was filed with the Internal Revenue Service, and which

reported "total income" in the amount of $310,298.31 paid by Indianapolis Life Insurance Co. during the calendar year 2004; defendant did not believe said return to be true and correct as to every material matter because, as defendant then and there well knew and believed, M.S. did not reside at the address listed in West Des Moines, Iowa, and did not receive income in the amount of $310,298.31 paid by Indianapolis Life Insurance Co. during the calendar year 2004.

This is a violation of Title 26, United States Code, Section 7206(1).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 25
### (False Joint Income Tax Return--2006)

On or about April 17, 2007, in the Southern District of Iowa and elsewhere, the defendants, PHYLLIS ROWE STEVENS and MARLA ROWE STEVENS, who identified themselves as residents of West Des Moines, Iowa, did willfully make and subscribe a Joint U.S. Individual Income Tax Return (Form 1040) for the calendar year 2006, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which reported the amount of $793,631.42 on Schedule C, Line 1, as "gross receipts or sales" from a Schedule C business operated by Marla Stevens in the name of "Peoples Insurance"; when, as defendants then and there well knew and believed, defendant MARLA ROWE STEVENS did not operate a business called "Peoples Insurance" during the calendar year 2006 and did not receive "gross receipts or sales" in the amount of $793,631.42.

This is a violation of Title 26, United States Code, Section 7206(1), and Title 18, United States Code, Section 2.

16

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 26
### (Tax Evasion--Calendar Year 2008)

During the calendar year 2008, and continuing until on or about October 15, 2009, in

the Southern District of Iowa and elsewhere, the defendants, PHYLLIS ROWE STEVENS, a

resident of West Des Moines, Iowa, who had a substantial tax due and owing to the United States

for the calendar year 2008, in excess of $300,000, and MARLA RANDOLPH STEVENS, did

willfully attempt to evade and defeat said income tax by failing to make an income tax return on

or before April 15, 2009, as required by law, to any proper officer of the Internal Revenue

Service, by failing to pay the Internal Revenue Service said income tax, and by committing the

following affirmative acts, among others:  concealing and attempting to conceal the nature and

extent of defendants' assets and income from the Internal Revenue Service, including by causing

payments of income to be made in the name of another individual (M.P.) and using a different

individual's social security number beginning with 311 (A.R.); and by making false and

misleading statements regarding the source of defendants' income and wealth.

This is a violation of Title 26, United States Code, Section 7201 and Title 18, United

States Code, Section 2.

**THE GRAND JURY FINDS:**

### NOTICE OF FORFEITURE

1.     Upon conviction of the offenses in violation of 18 U.S.C. §1343 as set out in

counts 1-12 of this Indictment, the Defendant shall forfeit to the United States, pursuant to 18

U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c), any property, real or personal, which constitutes

17

or is derived from proceeds traceable to the offenses.

      2.      Upon conviction of the offenses in violation of 18 U.S.C. §§1956 and 1957 as set out in counts 16-20 of this Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. §982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

      3.      Upon conviction of the offenses in violation of 18 U.S.C. §1030 as set out in count 13 of this Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. §982(a)(2)(B) and 18 U.S.C. §§ 1030(i) and 1030(j), any property constituting or derived from proceeds obtained directly or indirectly, as a result of such violation.

      4.      The property to be forfeited includes, but is not limited to:

(A). All lot and parcel of land, together with all buildings, appurtenances, improvements, fixtures, attachments located at:

> (i) 741 16th Street, Des Moines, Iowa, legally known as:
> Lots Seven (7), Eight (8) and Nine (9) (except the South 63 feet thereof) of the SUBDIVISION OF LOT TWO OF THE PURSLEY ESTATE situated in the Southeast Quarter of Section 5, Township 78, Range 24 as subdivided by Abijah N. Marsh as shown of Plat Book "A" Page 32, now included in and forming a part of the City of Des Moines, Iowa.

> (ii) 721 16th Street, Des Moines, Iowa, legally known as:
> Lot 16 and all of Lot 17 (except the South 11 feet thereof) in Marsh's Subdivision of Lot 2 of Pursley Estate in Southeast 1/4 of Section 5, Township 78, Range 24 West of the 5th P.M., now included in and forming a part of the City of Des Moines, Polk County, Iowa; and the South 11 feet of Lot 17 in Marsh's Subdivision of Lot 2 of Pursley Estate in Southeast 1/4 of Section 5, Township 78, Range 24 West of the 5th P.M., now included in and forming a part of the City of Des Moines, Polk County, Iowa.

> (iii) 762 W. Fleming Drive, Nineveh, Indiana (3 separate lots)

(B). All currency, funds and other monetary instruments credited to account number

#7710503967 located at the National City Bank in the name of Phyllis Rowe Stevens and Marla Stevens.

(C).   A sum of money equal to the total amount of gross proceeds obtained as a result of the above offense. Such amount to be at least $5,997,825.66.

5.   If any of the property described above, as a result of any act or omission of either or both the Defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1) and 28 U.S.C. §2461(c).

**A TRUE BILL.**

/s/_____
FOREPERSON

Nicholas A. Klinefeldt
United States Attorney

By:      /s/Andrew H. Kahl_____
Andrew H. Kahl
Assistant U.S. Attorney