IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal No. 4:09-CR-176 |
| v. | ) |
| | ) PLEA AGREEMENT |
| PHYLLIS ROWE STEVENS and | ) |
| MARLA RANDOLPH STEVENS, | ) |
| | ) |
| Defendants.. | ) |

## INTRODUCTION

This is a Joint Plea Agreement by and between the United States of America and both defendants in this case, PHYLLIS ROWE STEVENS and MARLA RANDOLPH STEVENS, as represented by the undersigned attorneys. It is contingent upon both defendants pleading guilty as agreed here. If both defendants do not plead guilty pursuant to this plea agreement, or if the Court does not accept this plea agreement as to both defendants, or if either defendant withdraws or seeks to withdraw her guilty pleas before the time of sentencing, this Plea Agreement shall be null and void with respect to both defendants at the option of the United States.

## A. CHARGES

1. **Subject Offenses (Phyllis Stevens)**. Defendant Phyllis Stevens will plead guilty to the following counts of the Second Superseding Indictment:

   **Counts 4 and 12** – wire fraud on or about April 21, 2006, and August 20, 2009;
   **Count 13** – computer fraud;
   **Count 16** – conspiracy to commit money laundering;
   **Count 21** – conspiracy to file false income tax returns; and
   **Count 22** – false income tax return.

2. **Subject Offenses (Marla Stevens)**. Defendant Marla Stevens will plead guilty to the following counts of the Second Superseding Indictment:

**Count 16** – conspiracy to commit money laundering; and
**Count 21** – conspiracy to file false income tax returns.

3. **Dismissal of Counts.** The remaining counts of the Superseding Indictment will be dismissed once sentence has been imposed on both defendants.

4. **No Further Prosecution**. The United States agrees that the Defendants will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation, except for any crimes of violence. This paragraph and this plea agreement do not apply to any offense committed or completed after the date of this agreement.

## B. CONSEQUENCES OF PLEA

5. **Statutory Penalties**. The charges to which one or both of the defendants are pleading guilty have the following maximum penalties, per count:

**Wire Fraud (Counts 4 and 12):** 5 years imprisonment, a $250,000 fine, or both a fine and imprisonment; and up to 3 years of supervised release;

**Computer Fraud (Count 13):** 10 years imprisonment, a $250,000 fine, or both a fine and imprisonment; and up to 3 years of supervised release;

**Conspiracy to Commit Money Laundering (Count 16):** 20 years imprisonment, a $500,000 fine (or twice the value of the money involved in the offense), or both a fine and imprisonment; and up to 3 years of supervised release;

**Conspiracy to File False Income Tax Returns (Count 21):** 5 years imprisonment, a $250,00 fine, or both a fine and imprisonment; and up to 3 years of supervised release;

**False Income Tax Return (Count 22):** 3 years imprisonment, a $250,000 fine, or both a fine and imprisonment, together with the costs of prosecution; and up to 1 year of supervised release;

A special assessment of $100 must be imposed by the sentencing court for each count.

6. **Supervised Release Explained.** The sentencing court may impose a term of supervised release as stated above. If a Defendant violates any condition of supervised release following imprisonment, the Defendant may be returned to prison for all or part of the term of supervised release.

## C. SENTENCING CONSIDERATIONS

7. **Sentencing Guidelines**. Defendants understand that their sentences will be determined by the Court after considering the advisory United States Sentencing Guidelines. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

- A. the nature of the offense;
- B. the amount of money involved;
- C. whether sophisticated means were used to commit all of part of the offense;
- D. each respective defendant's role in each of the offenses to which she is pleading guilty;
- E. criminal history (prior convictions);
- F. whether a defendant attempted to obstruct justice in the investigation or prosecution of the instant offense; and
- G. whether or not the Court finds that each defendant has accepted responsibility for the instant offense.

Defendants understand that, under some circumstances, the Court may "depart" or "vary" from the Guidelines and impose a sentence more severe or less severe than provided by the Guidelines,

up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with defendant's attorney.

8. **Acceptance of Responsibility**. The government agrees to recommend that each defendant receive credit for acceptance of responsibility under USSG § 3E1.1. The government reserves the right to oppose a reduction under § 3E1.1 if after the plea proceeding either defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the government agrees that defendant would receive a 3-level reduction, based on timely notification to the government of the defendant's intent to plead guilty.

9. **Presentence Report**. Defendants understand that the Court may defer a decision as to whether to accept this plea agreement until after Presentence Reports have been prepared by the United States Probation Office, and after defendants' attorneys and the Government have had an opportunity to review and challenge the Presentence Reports.

10. **Evidence at Sentencing**. Defendant, defendants' attorneys, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

11. **Sentences to be Decided by Judge -- No Promises**. This Plea Agreement is

entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendants understand that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what each defendant's actual sentence will be.

12.     **No Right to Withdraw Plea**. Defendants understand that they will have no right to withdraw their pleas if the sentences imposed, or the application of the Sentencing Guidelines, is other than what the defendants anticipated, or if the sentencing judge declines to follow the parties' recommendations.

13.     **Fines/Costs**. The Government agrees not to seek imposition of fines or costs of prosecution at time of sentencing.

14.     **Special Assessment**. The Defendants agree to pay to the Government a special assessment of $100.00 for each count to which they are pleaded guilty, as required by Title 18, United States Code, § 3013.

## D. FORFEITURE AND RESTITUTION

15.     **Real Estate.** The defendants agree to the immediate forfeiture of all real estate listed in the indictment, including the properties located at 741 16th Street and 721 16th Street in Des Moines, Iowa, and 762 W. Fleming Drive in Nineveh, Indiana. The defendants further agree, within 30 days of the filing of this Plea Agreement, to execute any and all paperwork as directed by the Government for the purpose of forfeiting defendants' interest in these properties. If directed by the Government, defendants agree to execute any and all paperwork to directly

release any claim or property interest that defendants claim in these properties in favor of Aviva USA, as the victim of the charged offenses, within 30 days of such request.

16.     **Bank Account.**  The defendants agree to the immediate forfeiture of the National City Bank account listed in the Indictment.  The defendants further agree, within 30 days of the filing of this Plea Agreement, to execute any and all paperwork as directed by the Government for the purpose of forfeiting defendants' interest in these properties.  If directed by the Government, defendants agree to execute any and all paperwork to directly release these funds to Aviva USA, as the victim of the charged offenses, within 30 days of such request.

17.     **Waivers Regarding Forfeiture.**  The defendants further to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.  The defendants further agree that the forfeiture provisions of this plea agreement are intended to, and will, survive them, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

18.     **Restitution.**  Defendants agree that the Court should impose an order of Restitution in the amount of loss to Aviva USA determined by the Court to be relevant conduct, in an amount of <u>at least</u> $5,997,825.66; that such order of restitution shall be joint and several and due and payable immediately; and that if defendants are not able to make full payment immediately, they shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.  Any such payment plan does not preclude the United States from utilizing any collections procedures pursuant to the Federal Debt Collections Act.  The

defendants agree to complete truthfully and in full, a financial statement form provided by the U.S. Attorney's Office and return to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

19.     **Income Tax Liabilities.** Nothing in this plea agreement resolves any federal income tax liability (including interest and penalties) for either defendant for any particular tax period. Defendants understand that any "tax loss" determined by the sentence judge or the U.S. Probation Office is for the sole purpose of computing defendants' offense level under the United States Sentencing Guidelines. The Internal Revenue Service is not a party to this agreement and remains free to pursue all lawful civil remedies it may deem appropriate and which are permitted by law, including assessments against defendants for additional tax due and owing and levies or garnishment to collect these amounts. Additionally, as a special condition of any period of supervised release ordered by the court, the parties agree that defendants shall be ordered to cooperate with the Internal Revenue Service in the determination, assessment and payment of any tax liabilities for the calendar years 2003 to the present; that they pay in full any tax liability (including interest and penalties) as finally determined by the Internal Revenue Service, or make arrangements to make payments pursuant to a payment plan, within 60 days of the final assessment by the Internal Revenue Service; that defendants provide the Probation Office with a copy of any such payment plan and actually make the required payments (subject to their good faith ability to pay); and that each defendant file truthful individual income tax returns as may become due by law and provide copies of such returns to the Internal Revenue Service.

20. **Bond (Phyllis Stevens).** Nothing in this Plea Agreement resolves whether the bond posted by defendant Phyllis Stevens in this case shall be returned to defendant, used for defendant's attorneys' fees, ordered as payment for restitution, or some combination.

### E. GENERAL MATTERS

21. **Voluntariness of Plea.** Each Defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty. Each Defendant further acknowledges that she is entering into this agreement without reliance upon any discussion between the Government and the Defendant (other than those described in this Plea Agreement), without promise of benefit of any kind (other than those described in this Plea Agreement), and without threats, force, intimidation, or coercion of any kind. Each Defendant further acknowledges that she understands the nature of the offense to which he is pleading guilty, including the penalties provided by law.

22. **Waiver of Trial Rights**. In connection with the Defendants pleas of guilty pursuant to this Agreement, each Defendant acknowledges that she has been informed of, and understands, the following:

    (A) the Government's right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath;

    (B) the right to plead not guilty, and to persist in that plea;

    (C) the right to a jury trial;

    (D) the right to be represented by counsel - and if necessary, to have the Court appoint counsel - at trial and at every other stage of the proceeding;

    (E)    the right at trial to confront and cross-examine adverse witnesses, and to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    (F)    the Defendant will waive these trial rights if the Court accepts the Defendant's plea of guilty.

23.    **Limited Waiver of Appeal and § 2255 Rights**. Defendants waive any and all rights to appeal Defendants' convictions, including a waiver of all motions, defenses and objections which Defendant could assert to the charges. Defendants likewise waive any and all rights to contest his conviction of the subject charge in any post-conviction proceedings, including any proceedings under Title 28, U.S.C. § 2255. These waivers are full and complete, except that they do not preclude either Defendant from seeking post-conviction relief based on ineffective assistance of counsel or prosecutorial misconduct if the grounds for such claim are not known to the Defendant or were not reasonably known at the time Defendant enters a plea pursuant to this Plea Agreement. Additionally, defendants do not waive any right they may have to appeal the sentences imposed by the Court.

24.    **Limited Scope of Agreement**. This Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute the Defendant for crimes occurring outside the scope of this Agreement. This Plea Agreement binds only the parties hereto. It does not bind any prosecuting authority other than the United States Attorney for the Southern District of Iowa.

25.    **Entire Agreement**. This Plea Agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the Government or by its agents.

26. **Factual Stipulation**. Attached hereto as Attachments "A" and "B", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the Defendants' offense conduct relating to the subject offenses.

27. **Venue**. Defendants agree that the offense conduct relating to the subject offenses was committed, in whole or in part, in the Southern District of Iowa, and that the United States District Court for the Southern District of Iowa may exercise venue over this case.

28. **Public Interest**. The parties state that this Plea Agreement is in the public interest and takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest, is in keeping with the gravity of the offense and the promotion of respect for the law.

29. **Execution /Effective Date**. This Plea Agreement does not become valid and binding until executed by each of the individuals below, or their designated representatives.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

_9-23-10_  
Date

_[signature]_  
Phyllis Rowe Stevens  
Defendant

_9-23-10_  
Date

_[signature]_  
William Kutmus  
Attorney for Defendant Phyllis Stevens

| | | |
|---|---|---|
| 9-23-10 <br> Date | | *signature* <br> Marla Randolph Stevens <br> Defendant |
| 9-23-10 <br> Date | | *signature* <br> Trever Hook <br> Attorney for Defendant Marla Stevens |
| 9/23/10 <br> Date | By: | Nicholas A. Klinefeldt <br> United States Attorney <br> *signature* <br> Andrew H. Kahl <br> Assistant United States Attorney <br> U.S. Courthouse Annex, 2nd Floor <br> 110 E. Court Avenue <br> Des Moines, Iowa 50309 <br> Tel: (515) 473-9300 <br> Fax: (515) 473-9292 <br> Email: Andrew.Kahl@usdoj.gov |

## STIPULATION OF FACTS
### Attachment "A"

1. Beginning on or before June 17, 2004, and continuing until on or about September 23, 2009, Phyllis Stevens voluntarily and intentionally devised and participated in, and intended to devise and participate in, a scheme or artifice to defraud her employer, Aviva USA, in Des Moines, Iowa.

2. Phyllis Stevens accomplished this scheme by making false and fraudulent entries in her employer's computer system, which fraudulently caused Aviva USA to make electronic payments in the total amount of approximately $5,997,825.66 to an account controlled by Phyllis Stevens and Marla Stevens at National City Bank in Indianapolis, Indiana.

3. It was reasonably foreseeable to Phyllis Stevens that these computer entries, which were made in Des Moines, Iowa, would cause interstate wire communications to occur, and would thereafter cause payments to be made into the bank account at National City Bank. These computer entries included three entries made on or about April 21, 2006 (in the amounts of 41,778.22, $40,711.1, and $42,432.11) and August 20, 2009 ($83,112.77).

4. Phyllis Stevens specifically acknowledges that in making these entries she intended to defraud her employer, Aviva USA, and that she did so using a computer used in and affecting interstate commerce and communication, without authorization and in a manner that exceeded her authorization.

5. After the funds were transferred into the account at National City Bank, and continuing until in or about September 2009, Phyllis Stevens and Marla Stevens, together, did knowingly agree to conduct additional financial transactions by and through financial institutions, and affecting interstate commerce, in amounts of greater than $10,000, which had been derived from criminal activity; and did engage in transactions that were designed in whole or in part to disguise the nature, location, source, ownership and control of the illegal proceeds deposited into the bank account; including by making payments to American Express in the total amount of approximately $2,876,498, and engaging in the following transactions for the purchase of real estate:
    A. Drawing a check in the amount of $200,000, on or about May 26, 2009, toward the purchase of property at 741 16th Street, Des Moines, Iowa.
    B. Drawing a check in the amount of $180,000, on or about June 9, 2009, toward the purchase of property at 741 16th Street, Des Moines, Iowa.
    C. Purchasing a cashiers' check in the amount of $85,294.73, on or about June 11, 2009, toward the purchase of property at 721 16th Street, Des Moines, Iowa.

6. On or about September 23 and September 24, 2009, Phyllis Stevens attempted to withdraw approximately $170,384 from the account at National City Bank, by attempting to withdraw cash and purchase cashiers' checks at multiple branches of National City Bank in Indianapolis, Indiana.

7. From on or about 2003, and continuing until on or about September 23, 2009, Phyllis Stevens and Marla Stevens conspired together to file false income tax returns, by filing income tax returns that failed to correctly disclose the proceeds that defendant Phyllis Stevens embezzled from Aviva, Inc.; and by filing false and fictitious returns, which attempted to conceal the embezzlement; including as follows:
    A. Preparing and filing an income tax return for the calendar year 2003 in the name of Phyllis Stevens, which failed to report approximately $431,117 in funds embezzled by Phyllis Stevens from Aviva during the calendar year 2003.
    B. Preparing and filing a joint income tax return for the calendar year 2004 in the names of Phyllis Stevens and Marla Stevens, which failed to report approximately $310,298 in funds embezzled by Phyllis Stevens from Aviva during the calendar year 2004.
    C. Preparing and filing a fictitious income tax return in the name of "M.S." for the calendar year 2004, which purported to report and pay tax on the money embezzled from Aviva by Phyllis Stevens during the calendar year 2005.
    D. Preparing and filing a joint income tax return for the calendar year 2006, in the names of Phyllis Stevens and Marla Stevens, which claimed that income embezzled by Phyllis Stevens in the amount of approximately $793,631.42 was gross receipts for an insurance business purportedly operated by Marla Stevens.
    E. Preparing and filing a fictitious income tax return in the name of "M.P." for the calendar year 2008, which purported to report and pay tax on the money embezzled from Aviva by Phyllis Stevens during the calendar year 2005.

8. The above-listed returns were prepared and filed in the Southern District of Iowa, at a time when Phyllis Stevens was a resident of West Des Moines, Iowa.

Sept 23, 2010
Date

_____
Phyllis Rowe Stevens, Defendant

Sept 23 2010
Date

_____
William Kutmus
Attorney for Defendant Phyllis Stevens

9/23/10
Date

_____
Andrew H. Kahl. Asst. U.S. Attorney

13

## STIPULATION OF FACTS – MARLA STEVENS
### Attachment "B"

1. Marla Stevens knew or had reason to know that large sums of money deposited into a bank account at National City Bank, shared by Marla Stevens and Phyllis Stevens, were from some form of unlawful activity. To the extent that she was unaware of the specific details, she deliberately closed her eyes to the source of these deposits (conscious disregard), and she acknowledges that these deposits were, in fact, the proceeds of mail fraud and computer fraud, which are "specified unlawful activities" pursuant to the federal money laundering statutes. These deposits began on or before June 17, 2004, and continued until in or about September 2009, and they originated from fraud committed by Phyllis Stevens in the Southern District of Iowa.

2. After the above funds were transferred into the account at National City Bank, and continuing until in or about September 2009, Phyllis Stevens and Marla Stevens, together, did knowingly agree to conduct additional financial transactions by and through financial institutions, and affecting interstate commerce, in amounts of greater than $10,000, which had been derived from criminal activity; and did engage in transactions that were designed in whole or in part to disguise the nature, location, source, ownership and control of the illegal proceeds deposited into the bank account; including by making payments to American Express in the total amount of approximately $2,876,498, and engaging in the following transactions for the purchase of real estate:
   A. Drawing a check in the amount of $200,000, on or about May 26, 2009, toward the purchase of property at 741 16th Street, Des Moines, Iowa.
   B. Drawing a check in the amount of $180,000, on or about June 9, 2009, toward the purchase of property at 741 16th Street, Des Moines, Iowa.
   C. Purchasing a cashiers' check in the amount of $85,294.73, on or about June 11, 2009, toward the purchase of property at 721 16th Street, Des Moines, Iowa.

3. From on or about 2003, and continuing until on or about September 23, 2009, Phyllis Stevens and Marla Stevens conspired together to file false income tax returns, by filing income tax returns that failed to correctly disclose the proceeds that defendant Phyllis Stevens embezzled from Aviva, Inc.; and by filing false and fictitious returns, which attempted to conceal the embezzlement. In furtherance of the conspiracy, Marla Stevens did, in or about 2006, sign a blank federal income tax return (Form 1040), which she knew or had reason to know would be completed and would not correctly report all of the income received by Phyllis Stevens during the relevant calendar year. The parties agree that this qualifies as an overt act in furtherance of the conspiracy.

4.  The subject tax returns were prepared and filed in the Southern District of Iowa, at a time when Phyllis Stevens was a resident of West Des Moines, Iowa.

_9-23-10_
Date

_____
Marla Randoph Stevens
Defendant

_9-23-10_
Date

_____
Trever Hook
Attorney for Defendant

_9/23/10_
Date

_____
Andrew H. Kahl
Assistant United States Attorney